UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROY W. PURVIS                                              CIVIL ACTION

VERSUS                                                     NO. 08-4283

R. HOPKINS, ET AL                                          SECTION "E" (5)

### REPORT AND RECOMMENDATION

Plaintiff, Roy W. Purvis, currently incarcerated in the St. Tammany Parish Jail, has filed this pro se and in forma pauperis civil rights action with respect to an incident which occurred on April 16, 2008.  Plaintiff alleges that on that date, while standing in the dining room waiting for dinner to commence, his arm became caught in bar doors which, without any warning, commenced to open.  Plaintiff states that the jail official, manning the control booth where the mechanism for opening and closing the door was located, had left his post.  Plaintiff explains that he, along with numerous other inmates, had to scream and holler to get the official's attention in order to get him to return to the control booth so that plaintiff could free his arm.  Plaintiff explained that there was much "back and forth movement with the door in order to free his arm".  With each such movement, according to plaintiff, "skin and tissue" were torn from his arm.  Plaintiff states that in relief, he requested to be released from custody in order to be

examined by a "nerve doctor"; however, officials have denied his request in this regard. Plaintiff has named as defendants Deputy R. Hopkins who was "on duty in the dining hall" when the above-described incident occurred. Plaintiff has also named as defendants St. Tammany Parish Jail Warden Mike Core and St. Tammany Parish Assistant Warden Longino.

An in forma pauperis complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915(e)(2). The court has broad discretion in determining the frivolous nature of the complaint. See Cay v. Estelle, 789 F.2d 318 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In doing so, the court has ". . . not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); see also Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994) (citation omitted); Booker, 2 F.3d at

116. Under the broadest reading of his complaint, [1] plaintiff's allegations lack any arguable basis in law and should be dismissed as frivolous and for otherwise failing to state a claim for which relief can be granted.

While Deputy Hopkins, who was on duty in the dining hall when the above-described incident occurred, may have been negligent in failing to ensure that no inmate had his arm in the bars of the door when it was opened, it is evident that plaintiff's accident was not the result of any deliberate indifference on the part of Hopkins. The law is clear that there is no constitutional remedy for injuries caused by negligence on the part of prison officials. See Daniels v. Williams, 474 U.S. 327, 336, 106 S.Ct. 662, 667, 88 L.Ed.2d 662 (1986).

As for the remaining defendants, Warden Core and Assistant Warden Longino, plaintiff makes no allegation that either were personally involved in the April 16, 2008 incident which resulted in his suffering an injury to his arm. The law is clear that supervisory officials, such as Warden Core and Assistant Warden Longino, cannot be held liable pursuant to §1983 under any theory of respondeat superior simply because an employee or subordinate allegedly violated plaintiff's constitutional rights. See Alton v. Texas A&M University, 168 F.3d 196, 200 (5th Cir. 1999); see also

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

Baskin v. Parker, 602 F.2d 1205, 1208 (5th Cir. 1979).  A state actor may be liable under §1983 only if he "was personally involved in the acts allegedly causing the deprivation of constitutional rights or that a causal connection exists between an act of the official and the alleged constitutional violation."  Douthit v. Jones, 641 F. 2d 345, 346 (5th Cir. 1981); see also Watson v. Interstate Fire & Casualty Co., 611 F. 2d 120 (5th Cir. 1980).

Finally, plaintiff complains over the fact that officials declined his request to be released from custody so that he could be examined by a "nerve doctor."  However, the fact that plaintiff may not have been examined by the doctor of his choice, specifically, a "nerve doctor", does not mean that officials were unconstitutionally deliberately indifferent to his serious medical needs.  As the court in Mosley v. Thornton, 2005 WL 1645781, *4 (W.D. La. June 20, 2005), explained:

> The fact that the medical care given is not the best that money can buy does not amount to deliberate indifference.  Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992); Norton [v. Dimazana], 122 F.3d [286], 292 [(5th Cir. 1997)].  The constitution does not command that prison inmates be given the kind of medical attention that judges would wish to have for themselves; it prohibits only deliberate indifference to serious medical needs.  Mayweather, 958 F.2d at 91; Ruiz v. Estelle, 679 F.2d 1115, 1149 (5th Cir.1982), amended in part and vacated in part on other grounds, 688 F.2d 266, 267 (5th Cir.1982).

Plaintiff makes no allegation that prison officials were deliberately indifferent to his medical needs arising as a result

of the above-described injury to his arm.  In fact, plaintiff admits, in an "Inmate Complaint Form" attached to his complaint, that following the incident he "was taken to the hospital."

Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that the instant matter be **DISMISSED WITH PREJUDICE** as frivolous.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __3rd__ day of __October__, 2008.

 _____
 ALMA L. CHASEZ
 UNITED STATES MAGISTRATE JUDGE